**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **UTE INDIAN TRIBE OF THE UINTAH AND OURAY RESERVATION** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 06-866L-MCW** |
| **UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**PROPOSED PROTECTIVE ORDER OF DOCUMENT AND DATA CONFIDENTIALITY**

This matter comes before the Court on the joint motion of the Ute Indian Tribe of the Uintah and Ouray Reservation ("Tribe") and defendant United States (collectively "the parties") for entry of a protective order of document and data confidentiality.

NOW, THEREFORE, upon joint agreement of the parties and pursuant to the Court's authority under RCFC 26(c), the Court orders as follows:

1. Definitions.

(a) "United States' confidential material": Documents, data or other information stored in any medium held by the United States, directly by any of its various departments or agencies or indirectly by federally authorized third-party custodians (collectively, "federal repositories"), that contain significant amounts of information that is or may be personal, private, confidential or privileged material concerning third persons, including individuals, individual Indians, other Indian Tribes not party to the action and Individual Indian Money ("IIM") accounts and accounts held for the benefit of an Indian Tribe, and that may in whole or in part be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a; the Indian Mineral Development

Act, 25 U.S.C. § 2103; the Mineral Leasing Act, 30 U.S.C. § 181 et seq.; Trade Secrets Act, 18 U.S.C. § 1905; Archeological Resources Protection Act, 16 U.S.C. § 470hh(a); Surface Mining Control and Reclamation Act, 30 U.S.C. § 1201; National Historic Preservation Act Amendments of 1992, 16 U.S.C. § 470w-3; and other provisions of law limiting the disclosure or requiring confidentiality of material that is or may also be relevant to the issues in the action or that may lead to the discovery of admissible evidence in this action. "United States' confidential material" does not include material that the Tribe, its members, or its employees acquire by means other than formal or informal discovery or settlement negotiations in this case.

(b) "Tribal confidential material": All documents, data and information stored in any medium pertaining to financial, governmental or business affairs of the Tribe or any of its members, including but not limited to information regarding the Tribe's trust accounts, that is produced by the Tribe to the United States through formal or informal discovery or settlement negotiations in this case. Tribal confidential material does not include material that the United States, its various departments or agencies or federal repositories acquire by means other than formal or informal discovery or settlement negotiations in this case. This Order does not affect any existing duties of the United States to protect the confidentiality of Tribal information that it acquires by means other than formal or informal discovery or settlement negotiations in this case.

(c) "Confidential material": All United States' confidential material and all Tribal confidential material as defined in this order.

(d) "Qualified person" means an individual who is:

(i) An employee of either named party to this action (including but not limited to the Tribe's Business Committee);

(ii) Attorney of record, appearing of counsel or an employee of such counsel to whom it is necessary that the material be shown for purposes of litigating this action or preparing it for trial;

(iii) A person requested by a counsel of record in this action to assist in the preparation of this action for trial, settlement negotiations or ADR.

(iv) Any other person who is designated as a qualified person by stipulation of the parties or by order of the court after notice to all parties.

2. All parties, their agents, employees and experts accessing or viewing confidential material, including all persons participating in the preparation of pleadings, briefs, motions, depositions or exhibits, shall be subject to the terms of this protective order. The United States, and its officers, agents, employees, contractors and attorneys, without violating the provisions of the Privacy Act or other provisions of law governing the disclosure of the confidential material, may upon request of the attorney of record for the Tribe in this action, disclose, produce or otherwise release United States' confidential material to the Tribe or any qualified person, as herein defined. Court reporters shall be provided with a copy of the protective order and shall agree to abide thereby.

3. Any records, documents or tangible things made available for inspection by one party to the other party's attorneys or designees in this case shall be deemed confidential material for purposes of the inspection to the extent those records, documents, or tangible items meet the definitions of 1(a) or 1(b). All parties shall designate as confidential only those documents which they believe in good faith meet the definitions of 1(a) or 1(b). Notwithstanding the foregoing, the parties may agree to forego review of some or all document productions and categorically designate such material as confidential material in accordance with this Order

Nothing in this Protective Order forecloses the right of either party to contest the confidentiality of records, documents or tangible things designated as confidential, nor does anything in this Protective Order affect the parties' right to make any objections in the discovery protest.

4. The parties shall designate their confidential material in the following manner:

(a) In the case of documents, each page or document containing confidential information is to be clearly marked as follows:

CONFIDENTIAL MATERIAL - SUBJECT TO PROTECTIVE ORDER

(b) In the case of interrogatory answers, by stating at the conclusion of the answers, those specific answers or parts thereof deemed confidential and by stamping or writing on the front of any set of answers the phrase "CONTAINS CONFIDENTIAL MATERIAL - SUBJECT TO PROTECTIVE ORDER";

(c) In the case of depositions, information disclosed by a party or by one of its present or former officers, directors, employees, agents or independent experts retained by a party may be designated by that party as confidential material by a statement on the record to the effect that the testimony given or about to be given, or the exhibit marked or about to be marked, contains references to confidential material, is subject to the provisions of this protective order whereupon the officer transcribing the proceeding shall stamp or write on the cover of the transcript the phrase "CONTAINS CONFIDENTIAL MATERIAL - SUBJECT TO PROTECTIVE ORDER" and shall segregate the portion of the transcript containing the confidential information and/or exhibits. If a transcript is made of the deposition, or of any portion thereof, which contains testimony indicated to be confidential, each party must attach a copy of the confidential designation to the face of each copy of the transcript in his or her possession, custody, or control. The presence at the deposition of any party, officer or director

thereof as agent for such party, will not be deemed a waiver of confidentiality by any other party, and the lawyer for any party present at the deposition will advise his or her client concerning the required treatment of any confidential material disclosed in the deposition;

(d) In all other cases, by any manner reasonably calculated to impart notice that confidential material is being disclosed.

5. No confidential material designated as confidential in accordance with this Order may be used for any purpose other than conducting this litigation or participating in settlement negotiations or ADR in this case. No confidential material, or any information contained in, or derived from, any confidential material may be disclosed other than in accordance with this Order or disclosed to any person other than a "qualified person" as defined above in section One (1).

6. It shall be the responsibility of each and every qualified person possessing confidential material to employ reasonable measures to control duplication of, access to, and distribution of the confidential material.

7. The court clerk shall maintain under seal all confidential documents and transcripts which are filed with or submitted to the Court that have been designated as confidential.

8. It shall be the responsibility of the party who files or submits confidential documents or information to the Court to submit them in a sealed envelope and to comply with local rules regarding the submission or filing of sealed documents. Any documents that have been designated as confidential or which contain information designated as confidential, will be placed in an envelope and marked "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER--THIS ENVELOPE NOT TO BE OPENED NOR CONTENTS REVEALED EXCEPT BY ORDER OF THE COURT OR BY AGREEMENT OF THE PARTIES."

9. Each qualified person who has access to confidential material must be given a copy of this stipulated protective order, and will be bound by its terms. Before receiving confidential material, qualified persons, except for the parties' respective attorney of record and other counsel appearing of counsel in this action, must sign a copy of the form attached as Exhibit One (1), a copy of which will be delivered or sent to the attorney of record for the opposing party upon request.

10. Nothing contained in this protective order shall be construed to prejudice any party's right to use at trial any documents designated as confidential, but any such documents shall only be used, and their confidentiality protected, as determined and directed by the trial court.

11. This protective order shall not prevent any party from applying to the court for further or additional protective orders, to resolve any disagreement over the designation of any particular document or material as confidential, or from the parties agreeing to modification of this order, subject to the approval of the court.

12. Upon the final determination of this action, including any appellate proceedings, all confidential material obtained from an opposing party shall be returned promptly to attorney of record for the party who produced it. A qualified person shall promptly return confidential material to the attorney of record with whom they are associated when that qualified person is no longer employed by a party, retained, or assigned to work on this case. Individuals returning confidential material shall certify in writing that the confidential material and any copies have been returned. Upon the request of counsel for the party who produced the documents, compliance with this paragraph shall be confirmed in a declaration provided by the counsel for the party who received the confidential documents, and such declaration shall be filed with the Court and served on all parties.

13. The provisions of this order shall survive and remain in full force and effect after the entry of final judgment (including any appellate proceedings) in this case, whether by settlement or litigation.

IT IS SO ORDERED.

______________________________ ____________________________________

Date

Judge Mary Ellen Coster Williams
United States Court of Federal Claims

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **UTE INDIAN TRIBE OF THE UINTAH AND OURAY RESERVATION** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 06-866L-MCW** |
| **UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**NONDISCLOSURE AGREEMENT**

The undersigned having read this Agreement and the Protective Order and agreeing to be legally bound thereby, hereby agrees as follows:

1. All confidential material as defined in and as disclosed to the undersigned pursuant to the Protective Order shall be used only in connection with the case specified above and pending in the United States Court of Federal Claims ("the action"), including settlement negotiations and ADR proceedings, and shall not be used for any business or other purpose in connection with any other action involving any of the parties to the action. I understand that the sanctions for any violation of the Protective Order may include the penalties imposed by the Court for contempt.

2. Such confidential material shall be disclosed to and discussed only with attorney of record or other person qualified to receive such material pursuant to the Protective Order and who has executed a Nondisclosure Agreement. No item of confidential material shall be utilized by the undersigned in any manner or divulged or made accessible in any manner to any other person or entity except in compliance with the Protective Order and this Nondisclosure Agreement.

3. The undersigned agrees that upon the final termination of this action or termination of his/her engagement on the claims in this case, he/she shall return control of such documents or confidential information which may be in his/her possession or control, including all abstracts, summaries, descriptions, lists, synopses, reports, memoranda, or other writings reflecting or revealing such information to the attorney who retained the undersigned, and certify in writing to the return of such materials to the attorney.

Signature: ________________________________

Print Name: ________________________________

Date: ____________________________________